UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILO LORENZO FITZPATRICK,

        Petitioner,

v.                                            Case Number: 05-CV-70107

PAUL H. RENICO,

        Respondent.
                                      /

## OPINION AND ORDER DENYING
## "APPLICATION FOR A CERTIFICATE OF APPEALABILITY"

On July 28, 2006, this court issued an opinion and order denying Petitioner's application for writ of habeas corpus brought pursuant to 29 U.S.C. § 2254. Petitioner has now filed an application for a certificate of appealability concerning that opinion and order.

Before Petitioner may appeal this court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). For the reasons stated below, the motion for certificate of appealability will be denied.

### I. STANDARD

Under 28 U.S.C. § 2253 (c)(1)(A) and Federal Rule of Appellate Procedure 22(b), an appeal from the district court's denial of a writ of habeas corpus may not be taken

unless a certificate of appealability ("COA") is issued either by a circuit court or district court judge.  If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a COA or state the reasons why a COA shall not issue.  F.R.A.P. 22 (b).  A district court is to set forth in its order all of the issues that the petitioner raised in the habeas action and identify those issues, if any, that the district court is certifying for appeal.  *In re Certificates of Appealability*, 106 F.3d at 1307.

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a COA should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack*, 529 U.S. at 484-85.  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further.  In such a circumstance, no appeal is warranted.  *Id.*

In order to obtain a COA, a habeas petitioner need not show that his or her appeal will succeed. *Miller-El*, 537 U.S. at 337. The United States Supreme Court's holding in *Slack*, "would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief." *Id.* A habeas petitioner is not required to prove, before obtaining a COA, that some jurists would grant the petition for habeas corpus. *Id.* at 338. However, "the issuance of a COA must not be a *pro forma* or a matter of course" and a habeas petitioner who seeks this issuance of a COA must show more than the absence of frivolity or the presence of good faith on his or her part in order to obtain a COA. *Id.* at 337-38. Therefore, the mere fact that a petitioner claims that his appeal is not frivolous and is being undertaken in good faith would not entitle him to a COA. *Id.* at 338.

## II.  DISCUSSION

### A.  Claim #1:  the consolidation of trials claim.

In his first claim, Petitioner alleged that he was deprived of a fair trial because the trial court erroneously granted the prosecution's motion to consolidate his trial with that of co-defendant Witcher, and because Witcher had antagonistic defenses, consolidating the trials prejudiced Petitioner's substantial rights.

The court rejected this claim, finding that it was not unreasonable for the Michigan Court of Appeals to conclude that Petitioner's substantial rights were not prejudiced and that the trial court did not abuse its discretion in granting the prosecution's motion for joint trials. Habeas relif is not warranted where a petitioner fails

to establish that the failure to grant a severance rendered his trial fundamentally unfair. *Jenner v. Class*, 79. F.3d 736, 741 (8th Cir. 1996). In particular, for reasons stated in greater detail in the opinion and order denying the petition for writ of habeas corpus, the court found that (1) the evidence against each of the defendants was identical, (2) there was no substantial showing of a difference in the liability of the two defendants, and (3) neither defendant made an offer of proof as to what potential testimony would substantially prejudice the rights of each.

Petitioner is not entitled to a COA on Claim #1, because reasonable jurists could not debate whether this issue should have been resolved in a different manner. Accordingly, the court declines to issue a COA on this claim.

### B. Claim #2: the improper admission of evidence claim.

In his second claim, Petitioner alleged that his trial was rendered unfair by the introduction of evidence of (1) a nearby robbery that occurred minutes before the shooting incident with the police, (2) his prior interactions with the police, and (3) the police videotape.

Issues concerning the admissibility of evidence or error in state procedure does not rise to a level of constitutional magnitude unless it can be viewed as so egregious that petitioner was denied a fundamentally fair trial. *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir.), *cert. denied*, 125 S.Ct. 126 (2004). For the reasons stated by the court in much greater detail in the opinion and order denying the petition for writ of habeas corpus, Petitioner has failed to show that the admission of the evidence involving the nearby robbery, prior contact with the police, and the videotape of the crime scene was

4

so egregious that he was denied a fair trial.  A COA shall not issue on this claim because reasonable jurists would not disagree with the court's conclusion on this claim.

### C. Claim #3.  The sufficient evidence claim.

In his third claim, Petitioner alleged that the evidence presented at his trial was constitutionally insufficient to support the jury's verdict.

Sufficient evidence supports a conviction if, after viewing the evidence (and all inferences to be drawn therefrom) in a light most favorable to the prosecution, the court can conclude that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).  Here, the court found that the Michigan Court of Appeals' decision did not involve an objectively unreasonable application of clearly established Supreme Court law.

The court found that the testimony in this case was consistent from all of the witnesses; the first shots fired at the officers came from the center portion of the van and blew the middle window out of the side of the van.  It was proven by DNA evidence that Witcher was seated in the driver's seat.  A Halloween mask was found in the middle of the van with Petitioner's DNA coating the inside of the mask.  Additionally, there were two assault rifles found in the middle of the van.  Furthermore, it was medically shown that Petitioner received bullet wounds in his feet.  That evidence therefore constitutes overwhelming proof of the elements necessary for a conviction of an assault with an intent to kill.  On that basis, Petitioner is not entitled to a COA on this claim, because reasonable jurists would not find the court's resolution of this claim to be wrong or debatable.

### D. Claim #4.  The DNA expert claim.

In his fourth claim, Petitioner contended that he had the right to the appointment of an expert witness on DNA analysis with whom to consult during his appeal of right.

The court rejected Petitioner's claim because the United States Supreme Court has never extended the state's obligation to provide expert assistance beyond that of a psychiatric examination, nor has it ever held that a convicted defendant is entitled to the appointment of an expert witness to assist with a direct appeal of right. *See Ake v. Oklahoma*, 470 U.S. 68, 83 (1985). On that basis, Petitioner is not entitled to a COA on this claim, because jurists of reason would not find the court's resolution of the claim to be wrong or debatable.

### III. CONCLUSION

As discussed above and in this court's July 28, 2006 opinion and order, Petitioner is not entitled to habeas relief on the claims presented. The Michigan Court of Appeals' decision, the last state court to issue a reasoned opinion on all claims, was neither contrary to, nor did it involve an objectively unreasonable application of, clearly established Supreme Court law. Moreover, the evidence presented by the prosecution against Petitioner in this case was overwhelming.

Consequently, the court's decision relative to all Petitioner's claims is not debatable amongst reasonable jurists. Further, Petitioner has not made a substantial showing of the denial of a constitutional right concerning his claims.

Accordingly, IT IS ORDERED that Petitioner's "Application for a Certificate of Appealability" [Dkt. # 32] is DENIED.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  October 25, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 25, 2006, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\05-70107.FITZPATRICK.deny.coa.2.jr.wpd